IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JASON PATE, Y38444,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| | )  Case No. 22-cv-837-DWD |
| **SHAWNEE CORR. CENTER,** | ) |
| **IDOC,** | ) |
| **WARDEN OF SHAWNEE,** | ) |
| **PAROLE BOARD,** | ) |
| **WARDEN OF PINCKNEYVILLE.** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Jason Pate, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action for alleged issues that have arisen in the IDOC or at Pinckneyville or Shawnee Correctional Centers (Pinckneyville and Shawnee). (Doc. 1). Plaintiff seeks monetary damages and injunctive relief. The Court dismissed Plaintiff's original complaint (Doc. 1) for failure to state a claim, and it provided an opportunity for him to file an Amended Complaint (Doc. 17).

Plaintiff's Amended Complaint (Doc. 17) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by

law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

As with the original complaint, on the cover page of the amended complaint, Plaintiff checked boxes for claims pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80.  (Doc. 17 at 1).  Plaintiff's allegations are difficult to follow, though they are legible.  He indicates that he did not exhaust the grievance procedure as to any claims presented in his lawsuit.  He then alleges that he wants his "freedom back" and his "freedom of speech."  He seems to allege that he believes his incarceration has not been legitimate.  He seeks 25.8 million dollars for wrongful death, and 75,000-150,000 in back pay for his time in the IDOC.  He also seeks 90 days credit.

## Analysis

A state inmate generally has legal recourse in federal court for two broad types of lawsuits.  He can bring a claim about the conditions of his confinement under 42 U.S.C. § 1983, or he can bring a claim about the fact or duration of his confinement via the habeas corpus statutes.  Plaintiff has attempted to pursue habeas corpus relief in a separate case in this District, *Pate v. IDOC*, 22-cv-431-SPM, but that case was dismissed for failure to prepare an adequate and comprehensible petition.  In the original complaint filed in this lawsuit Plaintiff made allegations that appeared related to the conditions of his confinement, which would be consistent with § 1983, but he did not tie his factual

allegations to the personal actions of individual defendants as is required to state a sufficient claim.  *See, Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).  Suspecting that Plaintiff may wish to pursue a § 1983 claim, the Court gave Plaintiff an opportunity to file an amended complaint.

Plaintiff's amended pleading is not sufficient to state a claim under § 1983 because he does not identify any actions by individuals that violated his constitutional rights.  Plaintiff names two individuals that may be subject to a § 1983 claim—the Wardens of Pinckneyville and Shawnee—but he does not describe any personal actions by these individuals so any claim against them is insufficient.

As to the other Defendants Plaintiff names—the IDOC, the Parole Board, or Shawnee Correctional Center—he was previously informed that these entities are not subject to suit under § 1983.  "The Eleventh Amendment grants states immunity from private suits in federal courts without their consent.  An agency of the state receives this same immunity."  *Nunez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016); *de Lima Silva v. Dep't of Corrections,* 917 F.3d 546, 565 (7th Cir. 2019).  IDOC, as an agency of the state, is immune from Plaintiff's claim.  Thus, IDOC is dismissed because Plaintiff has failed to state a claim against this state agency.  The same goes for the Parole Board and Shawnee.  Any claims against these entities are subject to dismissal.

The Court also notes that although Plaintiff checked the box for an FTCA claim on the first page of his pleading, he has no obvious basis to bring claims under the FTCA, because it authorizes "civil actions on claims against the United States, for money damages…for…personal injury or death caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA is designed to allow redress against federal officials. *See*, *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Plaintiff is a state inmate, so it is unclear how he would have any valid claim against the United States under the FTCA.

Finally, the Court notes that although it is not obvious if or how Plaintiff has any basis for a wrongful death lawsuit, any such action would be premised on state tort law, so it does not fall within this Court's limited jurisdiction.

For these reasons, Plaintiff's amended complaint will be dismissed without prejudice for failure to state a claim. Plaintiff will not be given a second chance to amend his complaint because it is not obvious that Plaintiff has identified any facts that would warrant relief under § 1983, so further amendment would be futile. *See Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022) (a district court has discretion to deny leave to amend if an amendment would be futile or unwarranted).

**Disposition**

Plaintiff's Amended Complaint (Doc. 17) is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A.  Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED** as **MOOT** in light of the dismissal of this case.  This Order resolves all claims against all parties, so the Clerk of Court is **DIRECTED** to enter judgment accordingly and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: January 6, 2023

_____
DAVID W. DUGAN
United States District Judge